**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6528

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES THURMAN DAUGHTIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:04-cr-00006-F; 7:06-cv-00127-F)

Submitted: October 3, 2007        Decided: November 13, 2007

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James Thurman Daughtie, Appellant Pro Se.  Banumathi Rangarajan, Assistant United States Attorney, Richard Ernest Myers, II, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thurman Daughtie, a federal prisoner, seeks to appeal the district court's orders denying his 28 U.S.C. § 2255 (2000) motion, denying his motion for a certificate of appealability, and denying his Fed. R. Civ. P. 60(b) motion for reconsideration. Daughtie's February 16, 2007 notice of appeal is untimely as to the district court's September 26, 2006 order denying § 2255 relief. Therefore, we are without jurisdiction to review that order.[*] We conclude, however, that Daughtie's preliminary informal brief amounts to a timely notice of appeal as to the court's denial of a certificate of appealability and Daughtie's Rule 60(b) motion. Though we have jurisdiction to review that order, we deny Daughtie's motion for a certificate of appealability and dismiss the appeal.

An appeal may not be taken from the final order in a post-conviction proceeding unless a circuit justice or judge issues

---

[*]Under Fed. R. App. P. 4(a)(1)(B), Daughtie was required to file his notice of appeal of the September 26, 2006 order denying § 2255 relief within sixty days, unless the court extended the appeal period under Fed. R. App. P. 4(a)(5), or reopened the appeal period under Fed. R. App. P. 4(a)(6). Daughtie did not move to extend the appeal period within thirty days of the expiration of the original appeal period as required by Fed. R. App. P. 4(a)(5)(A). Nor did he move to reopen the appeal period under Rule 4(a)(6) within seven days of November 3, 2006, when he states he received the court's final order. Despite Daughtie's assertion that he was in lockdown status for much of the time following his receipt of the district court's order, the time accorded Daughtie to file a notice of appeal or move to extend the appeal period is jurisdictional. See Bowles v. Russell, ___ U.S. ___, 127 S. Ct. 2360 (2007).

a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Daughtie has not made the requisite showing. It is apparent from the record that Daughtie's Rule 60(b) motion was, in reality, an attempt to file a successive 28 U.S.C. § 2255 (2000) motion. Accordingly, we deny Daughtie's motion for a certificate of appealability as to the denial of his Rule 60(b) motion and dismiss the appeal.

In addition, we construe Daughtie's notice of appeal and informal brief on appeal as an application for authorization to file a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a second § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review or (2) newly discovered evidence

sufficient to establish that no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(3)(C) (2000). Because Daughtie asserts neither a new rule of constitutional law made retroactively applicable nor newly discovered evidence, we conclude that he has not demonstrated grounds on which to grant authorization under § 2244.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED